USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/10/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
ROBERT MACIAS,

                              Plaintiff,

                       -against-

OCWEN LOAN SERVICING LLC; DEUTSCHE
BANK NATIONAL TRUST COMPANY as
Trustee for DSLA Mortgage Loan Trust 2007-
AR1; and DOES 1 THROUGH 100 INCLUSIVE,

                             Defendants.
------------------------------------------------------------X

16-CV-2215 (VEC)

ORDER AND OPINION

VALERIE CAPRONI, United States District Judge:

On January 23, 2018, the Court dismissed Plaintiff's case after Plaintiff failed to seek leave to amend his First Amended Complaint ("FAC"). Six weeks later, on March 7, 2018, Plaintiff moved to vacate the dismissal. For the reasons discussed below, Plaintiff's motion is denied.

The relevant procedural history is as follows: the Second Circuit affirmed this Court's dismissal of Plaintiff's claims, but remanded the case for failing to address Plaintiff's request seeking leave to amend. *See* Second Circuit Order, December 5, 2017 [Dkt. 39]; Second Circuit Mandate, December 27, 2017 [Dkt. 40]. On December 29, 2017, the Court ordered Plaintiff to file a motion seeking leave to amend by January 19, 2018, which was to include a copy of the Proposed Second Amended Complaint ("PSAC") and a red-line comparison of the PSAC to its predecessor. Order, December 29, 2017 [Dkt. 41]. No such motion having been filed, on January 23, 2018, the Court dismissed the case. Order, January 23, 2018 [Dkt. 42]. Some time after the dismissal, Defendants scheduled a foreclosure sale of the property at issue for April 16, 2018. *See* Affirmation of Brian Pantaleo, Esq. ("Pantaleo Aff.") [Dkt. 50-1] ¶ 5.

On March 7, 2018, Plaintiff moved to vacate the order dismissing the case. *See* Plaintiff's Motion to Vacate ("Vacate Mot.") [Dkt. 45]. Plaintiff asserts that his prior counsel, Subhan Tariq, never received the Court's December 29, 2017 Order; Tariq himself, through an Affirmation, asserts that, although he did not receive notification of the December 29, 2017 Order, he *did* receive notification that the action had been dismissed on January 23, 2018. Declaration of Steven Rabitz ("Rabitz Decl.") [Dkt. 45[1]] ¶ 10; Affirmation of Subhan Tariq ("Tariq Aff.") [Dkt. 45-2] ¶¶ 2, 4.[2] Plaintiff's Motion attaches a PSAC, but it does not include a red-line comparison as ordered. *See* PSAC [Dkt. 45-1].

Defendants oppose vacatur, arguing that Plaintiff's failure to timely file his PSAC is not excusable and that the PSAC does not cure the deficiencies identified by the Court. *See* Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Vacate Dismissal With Prejudice ("Opp.") [Dkt. 50]. Defendants challenge Tariq's statement that he never received the Court's December 29, 2017 Order, attaching a copy of the notification email that indicates it was delivered to four different email addresses associated with Tariq. *See* Opp. at 8; Pantaleo Aff. Ex. A. [Dkt. 50-2]. Defendants also note that Plaintiff's "new" counsel Rabitz had made filings and been involved in the case since as early as March 2017 but did not file a Notice of Appearance —which would have enabled him to receive ECF notifications—until February 27, 2018. Opp. at 3–5, 8 (citations omitted). Defendants argue that, even if Plaintiff's counsel did not learn about the prospect of dismissal until January, it is inexcusable that they made no effort to contact the Court for six weeks. *Id*. at 8–9. In the intervening time, Defendants scheduled a sale of Plaintiff's property, and they claim that they will incur significant costs if they have to

---

[1]  Rabitz did not file his Declaration as a separate document or exhibit, so it bears the same Docket Number as the Motion.

[2]  The Tariq Aff. does not contain a ¶ 3; the Court refers to the numbering in the document. *See* Tariq Aff.

cancel the sale. *Id*. at 9. Defendants also assert that Plaintiff's proposed amendments would be futile. *Id*. at 9–24.

Federal Rule of Civil Procedure 60(b)(1) allows a court to relieve a party from a final judgment on the basis of mistake, inadvertence, surprise, or excusable neglect. *See* Fed. R. Civ. P. 60(b)(1). "The term 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Dixon v. A Better Way Wholesale Autos, Inc.*, 692 F. App'x 664, 664 (2d Cir. 2017) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993) (internal quotation marks omitted). When assessing excusable neglect, courts consider "(1) the danger of prejudice to the [non-movant], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Padilla v. Maersk Line, Ltd.*, 721 F.3d 77, 83 (2d Cir. 2013) (citation and internal quotation marks omitted). The Second Circuit "focuses closely on the third [] factor: the reason for the delay, including whether it was within the reasonable control of the movant." *Id*. (citation omitted). "[C]ourts are generally reluctant to recognize attorney error as a basis for relief from an order or judgment [and] failure to follow the clear dictates of a court rule will generally not constitute . . . excusable neglect." *Dixon*, 692 F. App'x at 665 (quoting *Gomez v. City of N.Y.*, 805 F.3d 419, 423 (2d Cir. 2015); *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997)) (internal quotation marks omitted).

The Court finds that Plaintiff did not act with excusable neglect. Even if the Court credits Tariq's claim that he did not receive the Court's December 29, 2017 Order—which the Court highly doubts—Plaintiff's counsel inexcusably failed to act for *six weeks* upon learning that the Court had dismissed the case, and Plaintiff has offered no explanation for that delay. A careful and competent attorney would have followed the case and sought to amend Plaintiff's

3

FAC as soon as the Second Circuit decided the case on December 5, 2017. Plaintiff's inexcusable delay plainly prejudices Defendants, who have scheduled the property for sale in less than a week's time. Plaintiff also failed to follow the Court's order to file a red-line comparison illustrating the changes between the PSAC and its predecessor. Accordingly, the Court denies Plaintiff's motion to vacate, and does not reach the question of the PSAC's futility. The Clerk of Court is instructed to terminate Docket Entry 45.

**SO ORDERED.**

Date: April 10, 2018
New York, New York

_____
**VALERIE CAPRONI**
**United States District Judge**